PER CURIAM.
Defendant, Township of Jefferson, appeals from the Tax Court’s judgement reducing the 1990 real estate tax assessment on two lots of land owned by plaintiff, City of Newark. The two lots were a part of the Newark Watershed Property, a large tract located in seven municipalities and three counties, which contained a reservoir and surrounding land. Lot 1 in Block 566 contained 2,372.35 acres, and Lot 29 in Block 567 contained 1,012.20 acres. Both lots were located in defendant Township, and featured a varied and rugged landscape. The assessment for the former was reduced from $1,897,900 to $1,032,445, and for the latter was reduced from $809,800 to $528,610.
At the trial, attempting to estimate the fair market value of the property, both parties utilized the “sales comparison approach.” *220 Under the sales comparison approach, an appraiser estimates fair market value comparing the subject property to similar properties that have been sold recently. In his appraisal of the property, plaintiff’s expert appraiser, Charles Blau, considered the moratorium period as an adverse effect on property value and estimated plaintiff’s property value, with a ten-percent adjustment, at $2,851,800 for Block 566, Lot 1 and at $1,129,800 for Block 567, Lot 29. However, defendant’s expert appraiser, Charles Femminella, did not take the moratorium into account, and estimated the property value of Block 566, Lot 1 at $35,585,300 and Block 567, Lot 29 at $20,244,000.
On appeal, although set forth in six headings and cast in a number of different ways, defendant essentially makes two contentions. First, that the Tax Court judge’s decision was not supported by the evidence; and second, that the Tax Court judge erred in considering the effect of the eighteen-month moratorium provisions of the Watershed Protection Act of 1988, Pub.L.1988, c. 163 (1988) (see the Historical and Statutory Notes accompanying N.J.S.A. 48:3-7), and if the moratorium provisions are relevant, the Tax Court judge erred in accepting plaintiff’s expert’s opinion as to the appropriate adjustment made with respect to the impact of the moratorium.
We find no merit to defendant’s contentions and affirm.
I
As a general rule, the Tax Court has special expertise, and its findings will not be disturbed “unless they are plainly arbitrary or there is a lack of substantial evidence to support them.” Glenpointe Assoc. v. Township of Teaneck, 241 N.J.Super. 37, 46, 574 A.2d 459 (App.Div.1990), certif. denied, 122 N.J. 391, 585 A.2d 392 (1990) (citations omitted).
Defendant asserts that the Tax Court judge should not have utilized two of the sales because they were not comparable to plaintiffs property. This assertion is without merit. In his oral opinion of June 5,1991, the Tax Court judge carefully set forth the evidence upon which he made his findings, and explained the *221 reasons for his conclusion. In his findings, the issue of comparability was addressed. The Tax Court judge selected three sales, which he believed to be most comparable to plaintiffs property, and made adjustments accordingly for the differences between the sales and plaintiffs property. We are satisfied that, contrary to plaintiffs contentions, the Tax Court’s findings are supported by substantial credible evidence in the record.
II
Defendant further contends that the Tax Court judge erred by considering the moratorium in assessing the true value of plaintiffs property. In its brief, defendant acknowledges that “the Legislature’s attempt to monitor development and promote conservation of watershed property by means of the Watershed Protection Moratorium Act ... may be considered when assessing the true value of Plaintiffs property.” However, defendant argues that the Watershed Protection Moratorium Act should not affect value, “since it does not affect property held by private individuals on the assessing date.” (emphasis added). The notion that the moratorium may be considered by the assessor but not by the reviewing Tax Court is a non sequitur. If the moratorium affects the true value, it must be considered. See Inmar Assoc. Inc. v. Borough of Carlstadt, 112 N.J. 593, 604, 549 A.2d 38 (1988) (governmental restrictions may affect the value of real property for tax purposes). It is by its very nature not the type of temporary restraint which only creates a transitory absence of a market. Id. (citation omitted).
In a separate amicus brief, the Township of West Milford joins in defendant’s contention that the moratorium should not be considered in valuing plaintiffs property since, municipally held watershed property is to be assessed like it was owned by private individuals and the moratorium does not apply to private individuals therefore the moratorium should not apply to plaintiff. As noted above we disagree with this argument.
*222 Having concluded that the moratorium should be considered in finding the true value of plaintiffs property, what is the proper adjustment? Our Supreme Court has noted:
We are frank to recognize the difficulty of valuating such market data, but we have recently reaffirmed the unique capability and responsibiliiy of the Tax Court to exercise its power, in circumstances where the presumption of validity of the local assessment does not apply, to use the information available to it to make an independent determination of value.
Inmar Assoc., Inc., supra, 112 N.J. 593, 609, 549 A.2d 38. (citations omitted)
We think the above principle applies here. As we noted above, the local assessor erred in not considering the impact of the moratorium on plaintiffs property. .Therefore, the Tax Court properly exercised its power to make a determination of value. Plaintiffs expert, Blau, although unable to state the amount of the proper adjustment with certainty, was clear in his view that such an adjustment down was proper and expressed an opinion as to what that should be—ten percent per annum. The right of plaintiff to a fair valuation is not to be lost because of a difficulty in quantifying it. The acceptance or rejection of Blau’s opinion was a matter for the Tax Court judge’s expertise. We find no error in his acceptance of Blau’s opinion.
Accordingly, we affirm the judgment under review substantially for the reasons expressed by Judge Lasser in his opinion of June 5, 1991.